IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Case No. : 5:16-cv-872

| | |
|---|---|
| TIMOTHY J. ARNETT<br>         Plaintiff,<br><br>   v.<br><br>ALAN EUGENE JACKSON and<br>SONY MUSIC HOLDINGS INC.<br><br>         Defendants. | **COMPLAINT FOR COPYRIGHT<br>INFRINGEMENT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement and related claims arising out of the infringing use and promotion of Plaintiff's registered musical work *Remember Me*, in the guise of a derivative work titled *Remember When*, without Plaintiff's consent and without compensation to Plaintiff.

2.     The allegations of each paragraph of this Complaint are incorporated by reference into each claim and count hereof.

## PARTIES, JURISDICTION AND VENUE

3.     Plaintiff is an individual resident of the State of North Carolina.

4.     Defendant Alan Eugene Jackson is an individual citizen of the United States of America, residing on information and belief in the State of Tennessee. Defendant Jackson performs music in the State of North Carolina and transacts business directly and through entities over which he exercises control within the State of North

1

Carolina. *Inter alia*, Mr. Jackson has announced that on October 27, 2016, he is located and can be found in the Eastern District of North Carolina, and specifically in Raleigh, North Carolina.

5. Defendant Sony Music Holdings, Inc. is a business incorporated under the laws of Delaware and authorized to do business in the State of North Carolina, with a registered agent and registered office located at 327 Hillsborough Street in Raleigh, North Carolina.

6. As more specifically explained hereafter, Plaintiff seeks damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

7. Acts of infringement have taken place, and infringing reproductions of Plaintiff's work have been sold, among other places, in the Eastern District of North Carolina.

8. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because, among other things, Defendants are found in and are doing business in this State and judicial district, and Defendants have committed and contributed to and induced infringing acts in this State and judicial district, and have caused harm to Plaintiff in this State and judicial district.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

2

## PLAINTIFF AND HIS INFRINGED WORK

11.     Plaintiff has been engaged in the music field and composing musical works since long prior to the events at issue.

12.     In 2001, at the time he created *Remember Me,* Plaintiff and his family had experienced the death of his 16-year-old niece in a tragic car accident, shortly before Valentine's Day.  Following the incidents of September 11, 2001, he saw thousands of families around the United States substantially simultaneously go through the same tragedy and sorrow that his own family had experienced at the time of his niece's death. Inspired by their experience and his own, and by his deep faith in God and his experiences as a minister and music minister, he composed the words and music of *Remember Me.*

13.     Realizing that *Remember Me* was a significant work, Plaintiff approached several agents, who expressed interest.  Based on that interest and his own recognition of the importance of the work, he promptly took steps to register his copyright in it.  Even though the anthrax scare made copyright filings with the Library of Congress difficult at that time, he was successful in doing so.

14.     *Remember Me* now is covered by the protection of United States Copyright Registrations Nos. SRu000463835; SRu000471603; and SRu000481020, all issued in December 2001.

15.     Plaintiff is the owner of those registrations, all rights therein, and all copyrights in *Remember Me.*

16.     Subsequent to his creation of the work, Plaintiff performed *Remember Me*

personally at events, and the work was submitted to performing artists and their agents, by agents acting on Plaintiff's behalf.

17.    Copies of the work also have been made publicly available by, among other things, audio performances posted on the Internet by Plaintiff.

18.    A version of *Remember Me* as sung by Plaintiff currently is posted and can be heard at Plaintiff's website http://www.timarnett.net/music/.

## DEFENDANT AND THE INFRINGING WORK

19.    After Plaintiff had composed and registered his copyrights in *Remember Me,* and without authorization or license from Plaintiff, Defendant Jackson created a derivative work based on *Remember Me*, and particularly on the music of *Remember Me.* Defendant Jackson titled this work *Remember When*.

20.    *Remember When* is an infringement of Plaintiff's copyrights in *Remember Me,* being overall a derivative work and in some respects a substantially direct copy.

21.    In 2003, Defendant Jackson and his agents filed with the United States Copyright Office a successful application for copyright registration in which they claimed that Defendant Jackson was the sole author of the words and music of *Remember When*.  Relying on those representations, which were not true, the Copyright Office issued Copyright Registration PA0001131765 with an effective date of September 24, 2003.

22.    The appeal of Plaintiff's composition *Remember Me*, incorporated into *Remember When*, has been substantial and has contributed to the appeal of Defendant Jackson.  As a result, Defendant Jackson has featured Plaintiff's composition,

incorporated without credit into *Remember When,* by performing it on his concert tours and at major events such as his 25th anniversary as a member of the Grand Ole Opry in June of 2016.

23.    Defendant Jackson knew or should have known at all times that the music for *Remember When* was not original to him, and knew or should have known that *Remember When* was derived from *Remember Me.*

24.    From the inception of his publication and performances of *Remember When*, and continuing to the present day, Defendant Jackson has represented to the public that he was the sole author and composer of *Remember When*, and has given no credit to Plaintiff.

## COUNT I.  COPYRIGHT INFRINGEMENT

25.    Beginning after Defendant created *Remember Me*, and at least by 2003, Defendant Jackson directly and through his agents and others in concert with and acting pursuant to contract with him and/or at his direction, including but not limited to the other Defendant herein, began to perform *Remember When*, and Defendants began to record performances of *Remember When*, to copy the recorded performances, and to release recordings of performances, and of copies of performances to the public for purchase and for downloading from the Internet, all without license or other authorization from Plaintiff.

26.    From the time of the earliest acts set forth in the preceding paragraph, Defendants and others in concert with and acting pursuant to contract with them and/or at their direction have infringed and continue to infringe and will in the future infringe the

copyrighted work *Remember Me*, in this judicial district and elsewhere in the United States, by reproducing, distributing, and publicly performing *Remember When*.

27. Defendants have induced and continue to induce third parties to infringe Plaintiff's rights in *Remember Me* by causing *Remember When* to be reproduced, distributed, downloaded, and publicly performed, without license or other authorization from Plaintiff; and unless stopped, will continue to do so in the future.

28. In addition to recordings of *Remember When* reproduced and distributed and downloaded on a stand-alone basis, recordings of *Remember When* have been included in numerous compilation recordings, including new compilations released during the three years next preceding the filing of this lawsuit. During the three years next preceding the filing of this lawsuit as well as at other times, Defendant Jackson has promoted sales of these recordings of *Remember When*, including sales in North Carolina.

29. Plaintiff, through counsel, notified Defendant Jackson of his infringements but the infringements have not ceased.

30. Defendant Jackson's acts of infringement complained of herein were and are willful, intentional and purposeful, in disregard of Plaintiffs' rights. At least to the extent continued after the filing of this lawsuit, all Defendants' acts of infringement are willful, intentional and purposeful.

31. As a direct and proximate result of said infringements, Plaintiff is entitled to damages in an amount to be proven at trial, for the period of time for which damages are available at law under the copyright laws of the United States.

32.     Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting with respect to such profits, for the period for which damages are available under the copyright laws of the United States.

33.     In the alternative, Plaintiff is entitled to seek and to obtain statutory damages for Defendants' infringements.

34.     Plaintiff further is entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## JURY DEMAND

35.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues and claims triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendants as follows:

A.      Finding that Defendants have infringed Plaintiff's copyrights in *Remember Me*;

B.      Finding that Defendants have infringed Plaintiff's copyrights in *Remember Me* knowingly, deliberately, intentionally, willfully and wantonly;

C.      Awarding to Plaintiff the following relief:

   a.   That Defendants be required to account for Defendants' profits, and for all third-party profits to which Defendants contributed, and to pay over to

7

Plaintiff all such profits, for the full period for which damages are allowed under the law;

b. That Defendants be required to pay to Plaintiff all monies lost by Plaintiff on account of the infringements complained of herein, for the full period for which damages are allowed under the law;

c. That Plaintiff be awarded all other damages to which he is entitled;

d. That in the alternative Plaintiff be awarded statutory damages;

e. That Defendants, their officers and agents, and all those acting in concert with them be enjoined from infringing Plaintiff's work;

f. That Plaintiff be awarded his attorneys' fees, and costs, together with interest on the award; and

g. That Plaintiff receive such other and further relief as to the Court may seem just.

Respectfully submitted this 27th day of October, 2016.

/s/ Susan Freya Olive.
Susan Freya Olive
    NC Bar No. 7252
David L. McKenzie
    NC Bar No. 36376
**OLIVE & OLIVE, P.A.**
500 Memorial Street
P.O. Box 2049
Durham, NC 27702-2049
Phone: (919) 683-5514
emailboxEDNC@oliveandolive.com

**Counsel for Plaintiff**